UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHELSEA COX, and minors BW Doe, AW Doe, KW Doe, KK Doe, QA Doe, and AB Doe,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>BINGHAM COUNTY SHERIFF'S OFFICE, and CRAIG ROWLAND,<br><br>　　　　Defendants. | Case No. 4:23-cv-00496-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant Bingham County Sheriff's Office's Motion to Dismiss Plaintiffs' Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkts. 1, 9). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented and that oral argument would not significantly aid its decision-making process, and it decides the motions on the parties' briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons set forth below, the Court grants the Sheriff's Office's motion.

## I.  BACKGROUND

On November 9, 2021, Plaintiffs Chelsea Cox and six minors were leaving "personal written notes that were folded into paper turkeys" "at the front doors of community members" in "expressions of gratitude for the Thanksgiving season." (Dkt. 1 at p. 6). After placing a note at a

front door, the minors "pressed the doorbell [and] then ran off to maintain anonymity." (*Id.*). When they went to Defendant Bingham County Sheriff Craig Rowland's home, he "responded to his doorbell ring by having his wife hand him his service-issued sidearm"; "exited the house brandishing his firearm"; "reached into the car and Yanked (sic) Ms. Cox from the car by pulling her hair"; "pointed his gun at [her] head"; and threatened to kill her. (*Id.*). Sheriff Rowland was later criminally charged and pled guilty to one count of aggravated assault in August 2022. (Dkt. 9-1 at p. 2).

On November 9, 2023, Plaintiffs filed a complaint alleging a claim under 42 U.S.C. § 1983 and unidentified "state law tort claims" against Rowland and the Bingham County Sheriff's Office. (Dkt. 1 at p. 2). Although Plaintiffs identify the Sheriff's Office as a defendant, they do not reference the Sheriff's Office in their allegations. Rather, they only "request that this Court find that Sheriff Rowland acted under the color of law by acting as Sheriff, using his service issued sidearm, conducting a law enforcement stop, and effecting a seizure or detention." (*Id.* at p. 6). The Sheriff's Office moves to dismiss Plaintiffs' complaint as against it. (Dkt. 9).

## II.  LEGAL STANDARD

A dismissal under Rule 12(b)(6) is appropriate where a complaint fails to state a claim on which relief can be granted.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a short and plain statement of the claim, showing the plaintiff is entitled to relief and giving the defendant fair notice of plaintiff's claim and the grounds on which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it requires "more than labels and conclusions." *Twombly*, 550 U.S. at 555. "[A] formulaic recitation of the elements of a cause of

action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

To survive a Rule 12(b)(6) motion, a claim requires a complaint to have enough factual basis which, if true, states a plausible claim for relief. *Twombly*, 550 U.S. at 556. A claim has facial plausibility when the plaintiff pleads factual content allowing the court to draw a reasonable inference the defendant is liable for the alleged misconduct. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### III. ANALYSIS

The Sheriff's Office moves to dismiss Plaintiffs' complaint because it "entirely fails to state a basis on which liability attaches to the Sheriff's Office." (Dkt. 9-1 at p. 4). In support, the Sheriff's Office argues that, even if Plaintiffs had identified state law tort claims, it is not a governmental entity subject to liability under the Idaho Tort Claims Act, Idaho Code §§ 6-901 – 6-929. (Dkt. 9-1 at p. 5). Further, it argues that, as a matter of law, it is not liable under § 1983 simply because it employed Rowland. (Dkt. 9-1 at p. 6). The Court agrees.

Regarding Plaintiffs' purported state tort law claims, the Sheriff's Office is not a "governmental entity" or "political subdivision" under the ITCA. I.C. § 6-902(2)-(3); *see also*

**MEMORANDUM DECISION AND ORDER - 3**

*Swenson v. Cnty. of Kootenai*, No. 2:13-cv-0026-EJL, 2014 WL 1247801, at *3 (D. Idaho Mar. 25, 2014) ("The Sheriff's office is not a "political subdivision" as that term is defined under Idaho law and is therefore not a party that can be sued for tort liability"); *Williams v. Madison Cnty., Idaho*, No. 4:12-cv-00561-EJL-CWD, 2014 WL 6473284, at *6 (D. Idaho Nov. 18, 2014) (citing *Kerbs v. Madison Cnty.*, No. 4:12–cv–00178–EJL (D. Idaho Mar. 5, 2014) ("[T]here is no Idaho law that allows a plaintiff to sue anything other than a 'political subdivision' for a tort and the sheriff's department is not a 'political subdivision' as that term is defined under Idaho law"). Accordingly, even if Plaintiffs had alleged state law tort claims—which they did not—the Sheriff's Office would not have been a proper defendant.

Plaintiffs have also failed to allege a § 1983 claim against the Sheriff's Office. The only basis Plaintiffs conceivably offer to assert liability against the Sheriff's Office is that it employed Rowland as the Sheriff at the time of the incident. The law is well established, however, that a local government entity is not liable for an individual's conduct simply because it employed a person whom Plaintiffs alleged violated their constitutional rights. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). "Instead, plaintiffs must establish that 'the local government had a deliberate policy, custom, or practice that was the moving force behind the constitutional violation [they] suffered.'" *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (quoting *Whitaker v. Garcetti*, 486 F.3d 572, 581 (9th Cir. 2007)).

Under *Monell*, a plaintiff may establish municipal liability by demonstrating that: (1) the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity; (2) the tortfeasor was an official whose acts fairly represent official policy such that the challenged action constituted official

**MEMORANDUM DECISION AND ORDER - 4**

policy; or (3) an official with final policy-making authority delegated that authority to, or ratified the decision of, a subordinate. *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008). Additionally, in "limited circumstances," the failure to train municipal employees can serve as the policy underlying a *Monell* claim. *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 407 (1997).

The Ninth Circuit has further made clear that claims of *Monell* liability must now comply with the basic principles set forth in *Twombly* and *Iqbal*: (1) the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"; and (2) the "factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *AE ex rel. Hernandez*, 666 F.3d at 636-37 (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)) (internal quotation marks omitted). Here, Plaintiffs fail to make any of the required allegations to plead a *Monell* claim but instead appear to impermissibly rely on a *respondeat superior* theory of liability. Accordingly, Plaintiffs § 1983 claim against the Sheriff's Office is dismissed.

Plaintiffs request permission to amend the complaint "to make [their] allegations more certain." (Dkt. 11 at p. 4). Rule 15 of the Federal Rules of Civil Procedure provides a trial court should grant leave to amend freely when justice so requires. Fed. R. Civ. P. 15(a)(2). The policy favoring leave to amend is to be applied with "extreme liberality." *Sonoma Cnty. Ass'n of Retired Employees v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Whether to grant or deny a motion to amend is within the district court's discretion, but "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely

abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Sheriff's Office argues Plaintiffs' claims should be dismissed without leave to amend because they are futile. The Court agrees. Because the Sheriff's Office is not a "governmental entity" or "political subdivision" for purposes of the ITCA, any attempt to allege state law tort claims against it would necessarily fail. Additionally, no conceivable allegations could support a § 1983 claim against the Sheriff's Office. It is entirely implausible under any theory of *Monell* liability that the Sheriff's Office is liable under § 1983 for Rowland's personal conduct committed at his residence while he was off-duty and for which he was ultimately criminally convicted. Because Plaintiffs' claims against the Sheriff's Office are futile, Plaintiffs' complaint is dismissed as to the Sheriff's Office with prejudice.

## IV.  ORDER

**IT IS ORDERED that:**

1. Defendant Bingham County Sheriff's Office's Motion to Dismiss (Dkt. 9) is **GRANTED**. Plaintiffs' Complaint (Dkt. 1) is **DISMISSED** as to the Sheriff's Office with prejudice.

DATED: August 19, 2024

Amanda K. Brailsford
U.S. District Court Judge